IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MILTON KENT JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-011 |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTION (G.D.C); | ) | |
| JANE DOE, Correctional Officer; | ) | |
| SERGEANT MRS. JACKSON; and | ) | |
| LIEUTENANT MRS. McARTHER, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff filed the above-captioned case pursuant to 42 U.S.C. § 1983 and requested permission to proceed *in forma pauperis* ("IFP"). On January 31, 2024, the Court granted Plaintiff's IFP request, subject to returning his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty days. (See doc. no. 3.) The Court advised Plaintiff all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full, and cautioned him that failure to respond with the required IFP paperwork would be an election to have this case voluntarily dismissed without prejudice. (See id. at 1-2, 4); 28 U.S.C. § 1915(b)(1). When the time to respond had passed without Plaintiff submitting any IFP paperwork, the Court issued a Report and Recommendation ("R&R") on March 13, 2024, advising that the case be dismissed without prejudice and closed because Plaintiff had neither fulfilled the requirements for proceeding IFP, nor paid the full filing fee. (Doc. no. 4.)

After entry of the recommendation for dismissal, the Clerk received a filing from Plaintiff asserting he gave the IFP paperwork to prison officials, who refuse to return it to him. (Doc. no. 6.) However, Plaintiff offers no explanation for why he has not returned the Consent to Collection of Fees form, a document that requires no input from any prison official. (Id.) Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319-20 (11th Cir. 2002).

Upon consideration, Plaintiff shall have until April 19, 2024, to submit the required Prisoner Trust Fund Account Statement signed by an authorized prison official and a Consent to Collection of Fees form signed by him. The Court **DIRECTS** the **CLERK** to include another set of the forms originally attached to the Court's January 31st Order, stamped with the above-captioned civil action number, with Plaintiff's service copy of this Order. To ensure that prison officials have received the Trust Fund Account Statement, the Court also **DIRECTS** the **CLERK** to serve this Order on Plaintiff's custodian and to include a Prisoner Trust Fund Account Statement with that service copy. The Court is confident that prison officials will expeditiously fill out the form and return it to Plaintiff.

Plaintiff must return the Trust Fund Account Statement, along with the Consent to Collection of Fees form, to the Court by no later than April 19, 2024. Failure to return the required paperwork will be an election to have this case dismissed without prejudice, and the Court's March 13th R&R will be submitted to the presiding District Judge for consideration.

SO ORDERED this 2nd day of April, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA